Slip Op. 12-110

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FAR EASTERN NEW CENTURY CORP., | Before: Donald C. Pogue, Chief Judge |
| Plaintiff, | |
| v. | Court No. 11-00415 |
| UNITED STATES, | |
| Defendant. | |

OPINION

[Plaintiff's motion for judgment on the agency record GRANTED in part and DENIED in part].

Dated: August 29, 2012

Peter J. Koenig, Squire Sanders LLP, of Washington, DC, for Plaintiff.

Ryan M. Majerus, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. With him on the brief were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director. Of counsel on the brief was Whitney Roliq, Attorney, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, DC.

**Pogue, Chief Judge:** In this action, Plaintiff Far Eastern New Century Corp. ("FENC"), challenges the United States Department of Commerce's ("Commerce" or "the Department") determination in its administrative review of an antidumping duty order on certain polyester staple fibers ("PSF") from Taiwan.[1] Specifically, FENC challenges: 1) Commerce's stated revision of FENC's Selling, General, and Administrative expenses ("G&A expenses");[2] and 2) Commerce's use of its "zeroing" methodology in calculating the relevant dumping margin. For the reasons discussed below, the court will remand to Commerce on the first issue and sustain Commerce's determination on the second issue.

### BACKGROUND

Commerce initiated an administrative review of the antidumping duty order concerning PSF from Taiwan in June 2010. During the review, FENC submitted a G&A ratio calculation for Commerce's use in its calculation of normal value in August,

---

[1] Certain Polyester Staple Fiber From Taiwan, 76 Fed. Reg. 57,955 (Dep't Commerce Sept. 19, 2011) (final results of antidumping duty administrative review) ("Final Results"), and accompanying Issues & Decision Memorandum, A-583-833, ARP 09-10 (Sept. 19, 2011), Admin. R. Pub Doc. 8, available at http://ia.ita.doc.gov/frn/summary/TAIWAN/2011-24010-1.pdf (last visited August 28, 2012) ("I & D Mem.") (adopted in Final Results, 75 Fed. Reg. at 57,955).

[2] G&A expenses are also known collectively as "financial ratios[.]" See, e.g., Dorbest Ltd. v. United States, 30 CIT 1671, 1674, 462 F. Supp. 2d 1262, 1266 (2006).

Court No. 11-00415                                                Page 3

2010, Prelim. Results Analysis Mem., A-583-833, ARP 09-10, (Apr. 14, 2011), Admin R. Con. Doc. 8 [Pub. Doc. 35], ("Analysis Mem."), and, in December, 2010, a revised G&A ratio which reflected the Taiwan Generally Accepted Accounting Principles ("GAAP"). Def.'s Resp. to Pl.'s Mot. for J. on Agency R., ECF No. 44, at 2 ("Def.'s Br."); FENC Supp. Questionnaire, A-583-833, ARP 09-10 (Dec. 21, 2010), Admin. R. Con. Doc 3 [Pub. Doc. 23]. Commerce published its preliminary results of the administrative review in April of 2011. See Certain Polyester Staple Fiber From Taiwan (preliminary results of antidumping duty administrative review), 76 Fed. Reg. 22,366 (Dep't Commerce Apr. 21, 2011) ("Preliminary Results").  In calculating FENC's cost of production for the Preliminary Results, Commerce used FENC's August G&A ratio instead of the revised December ratio. Analysis Mem. at 11.  Also in the Preliminary Results, Commerce employed its zeroing methodology in calculating FENC's dumping margin.[3]

---

[3] Zeroing is the practice of "treat[ing] transactions [or sales] that generate 'negative' dumping margins (i.e., a dumping margin with a value less than zero) as if they were zero." Timken Co. v. United States, 354 F.3d 1334 at 1338 (Fed. Cir. 2004) (holding that 19 U.S.C. § 1677(35) is ambiguous and that zeroing is a reasonable interpretation).  Under this approach, only sales at less than normal value contribute to the calculation of the dumping margin.  In contrast, when using offsetting, "sales made at less than fair value are offset by those made above fair value. This means that some of the dumping margins used to calculate a weighted-average dumping margin will be negative." U.S. Steel Corp. v. United States, 621 F.3d 1351 at 1355 (Fed. Cir. 2010) (holding that 19 U.S.C. § 1677(35)(A) is ambiguous and that offsetting is also a reasonable interpretation).

In the Final Results, Commerce stated that it had agreed with FENC and substituted the revised, corrected G&A ratio in it final normal value calculations. Final Results, 76 Fed. Reg. at 57,955.  Commerce also maintained that its use of zeroing was correct.

Claiming that Commerce had erred in implementing its decision, FENC submitted a ministerial error allegation pursuant to 19 C.F.R. § 351.224(c)(2)(i).  FENC claimed that Commerce had not properly incorporated the G&A ratio into the cost of production calculation. Nonetheless, Commerce concluded that the final cost of production did not contain errors. Allegation of Ministerial Error, A-583-833, ARP 09-10 (Sept. 29, 2011), Admin. R. Pub. Doc. 5.  Accordingly, Commerce affirmed its revised calculations and methodology.

FENC filed this action on October 18, 2011.  The court has jurisdiction pursuant to 28 U.S.C. § 1581(c).

Currently, Plaintiff submits that Commerce did not revise the G&A ratio as intended, and that Commerce improperly used zeroing in its administrative review.  For the reasons discussed below, the court will remand the first issue to Commerce to consider the ministerial error, and will deny Plaintiff's motion on the second issue, as Commerce's determination to use zeroing in this matter was reasonable.

**STANDARD OF REVIEW**

When reviewing the Department's decisions made in administrative reviews of antidumping duty orders, the Court "shall hold unlawful any determination, finding, or conclusion found. . .to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).[4]

**DISCUSSION**

**1. G&A Ratio Revision**

In effect, Commerce and FENC are in agreement about an alleged ministerial error made in the calculation of the G&A ratio. Commerce stated its intent to revise the G&A ratio based on updated data it received from FENC. ("We have examined the record and have determined that we made an error in using the original G&A ratio in the Preliminary Results . . . . [W]e neglected to incorporate [the revised ratio] in our calculations"). I & D Mem. Cmt. 2 at 5.

FENC challenges that the revised data was not ultimately implemented, and Commerce admits that it "may not have used the corrected normal value . . . in its calculation of the final weighted-average dumping margin." Def.'s Br. at 17.

---

[4] Further citations to the Tariff Act of 1930 are to Title 19 of the United States Code, 2006.

Ministerial errors, under 19 U.S.C. § 1675(h), include: "errors in addition, subtraction, or other arithmetic function, clerical errors resulting from inaccurate copying, duplication, or the like, and any other type of unintentional error which [Commerce] considers ministerial." 19 U.S.C. § 1675(h). Commerce has established administrative channels for the correction of ministerial errors; but once an action has been filed with the court, the court has jurisdiction and Commerce may not revise its Final Determination without the court's permission. See Zenith Elecs. Corp. v. United States, 884 F.2d 556, 560–61 (Fed. Cir. 1989) ("[O]nce [the Court of International Trade's] exclusive jurisdiction has been invoked, Commerce may correct clerical errors only with the court's prior authorization.").

Thus, Commerce may request a remand to correct a ministerial error. The court will grant this request only when so doing would not result in prejudice to any party. See 19 U.S.C. § 1675(h); 19 C.F.R. § 351.224. Here, because both parties agree that the issue should be remanded, the court will grant Commerce's request and this issue is remanded to Commerce for further consideration.

**2. Zeroing Policy**

Turning to Commerce's zeroing methodology, this court has recently determined that Commerce's explanation regarding

this same zeroing methodology has not been rejected by the Federal Circuit. Grobest & I-Mei Indus. (Vietnam) v. United States, 36 CIT __, 2012 WL 3104900, *1-6 (2012). In addition, the court found that Commerce gave a reasonable interpretation of an ambiguous statue. Id. at *3. As Commerce's explanation here is in line with its explanation in Grobest, as a matter of efficiency this court will follow its recent opinion in Grobest on the issue of zeroing and affirm Commerce's explanation as reasonable.

## CONCLUSION

For the reasons discussed above, the court grants Plaintiff's motion regarding issue one and will remand to Commerce on this issue. The Final Results are otherwise affirmed in all respects.

Commerce shall have until October 15, 2012 to complete and file its remand redetermination. Plaintiff shall have until October 29, 2012 to file comments. Defendant shall have until November 9, 2012 to file any reply.

It is **SO ORDERED**.

                                    /s/ Donald C. Pogue
                                    Donald C. Pogue, Chief Judge

Dated: August 29, 2012
       New York, N.Y.